UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **BRENDAN MATTHEW TERRAL** | * | **CIVIL ACTION NO. 15-2366**<br>Section P |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WARDEN DUCOTE, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel discovery responses, styled as a "Response to Objections" [doc. # 29] filed by plaintiff pro se Brendan Matthew Terral. The motion is opposed. For reasons assigned below, the motion is GRANTED IN PART and DENIED IN PART.[1]

## Background

Plaintiff pro se Matthew Terral, who is proceeding in forma pauperis in this matter, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on September 14, 2015. Plaintiff is incarcerated at the Jackson Parish Correctional Center (JPCC) and complains that on April 26, 2015, he was the victim of excessive force perpetrated by corrections officers at the facility. In addition, he alleges that, after the event, officials exhibited deliberate indifference to his serious medical needs. Accordingly, Terral sued Warden Timothy Ducote and numerous corrections officers praying for $600,000 and the "removal of all employees involved."

---

[1] As these motions are not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

On May 18, 2016, Terral served defendants with requests for production of documents, seeking:

- Exculpatory material as defined by *Brady v. Maryland*, 373 U.S. 83 (1963);
- Impeachment material;
- Personnel files for all named defendants;
- Video surveillance footage showing the events in the booking area; and
- Grievances filed by other inmates within the last 14 months complaining of excessive force, inadequate medical care, and use of chemical agents.

(Pl. Reqs. for Prod. [doc. # 20]).

On June 14, 2016, defendants served plaintiff with their objections to the document requests. (Def. Resp. to Reqs. for Prod. [doc. # 24]). Defendants explained that "exculpatory material" and "impeachment material" were not within the scope of discovery in a civil action. Defendants further stated that there was no video surveillance footage to produce. Defendants also objected to plaintiff's request for personnel files because the files include privileged or confidential information. Finally, as to the inmate grievances, defendants explained that, once an inmate grievance is reviewed, it is placed in the inmate's file. Thus, to comply with Terral's request, defendants would have to manually review each inmate file, which would prove unduly burdensome and expensive.

On June 23, 2016, plaintiff filed the instant motion to compel responses to his requests for video surveillance, personnel files, and inmate grievances. Defendants filed their opposition memorandum on July 15, 2016, in which they re-urged their objections to the discovery requests. (Defs. Opp. Memo. [doc. # 37]). Along with their brief, defendants submitted an affidavit from JPCC Warden Yelverton. *Id.*, Exh. 1. Plaintiff did not seek leave of court to file a reply brief, and the time to do so has lapsed. *See* Notice of Motion Setting. [doc. # 30]. Accordingly, the matter is ripe.

## **Law**

Rule 34 of the Federal Rules of Civil Procedure provides that "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information . . . or any designated tangible things" that are within the "party's possession, custody, or control . . . ." Fed.R.Civ.P. 34(a)(1)(A) & (B).[2]

A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed . . ." *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) (citations omitted). In other words, to escape the production requirement, a responding party must interpose a valid objection to each contested discovery request. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted). Conclusory objections that the requested discovery is "overly broad," "burdensome," "oppressive," and "irrelevant," do not suffice. *Id*.

A party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents for inspection. *See* Fed.R.Civ.P. 37(a)(3)(B). An evasive or incomplete response is treated as a failure to respond. Fed.R.Civ.P.

---

[2] Under Rule 26(b),
> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).
The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).

37(a)(4).

Furthermore,

> [i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> >
> > **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> >
> > > **(A)** presume that the lost information was unfavorable to the party;
> > >
> > > **(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or
> > >
> > > **(C)** dismiss the action or enter a default judgment.

Fed.R.Civ.P. 37(e).

## Analysis

**a)** **Video Surveillance Footage**

Plaintiff seeks any video footage that depicts the April 26, 2015, incident between defendants and himself. However, JPCC Warden Yelverton averred that there is no video surveillance footage from the April 26, 2015, encounter because, according to Yelverton, plaintiff did not file a grievance within 30 days of the incident. (David Yelverton Affidavit; Defs. Opp. Memo., Exh. 1). As a result, the system automatically recorded over the requested footage. *Id*. The court cannot order respondents to produce discovery that does not exist.

Insofar as plaintiff contends that defendants *should* have preserved the surveillance video, the court observes that a party's duty to preserve evidence arises when "the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be

4

relevant to future litigation." *Toth v. Calcasieu Parish*, Civ. Action No. 06-0998, 2009 WL 528245 (W.D. La. Mar. 2, 2009) (Trimble, J.) (citation and internal quotation marks omitted); *Dixon v. Greyhound Lines, Inc.*, Civ Action No. 13-0179, 2014 WL 6087226, at *3 (M.D. La. Nov. 13, 2014). A person "anticipat[ing] being a party . . . to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary." *Toth, supra*. The duty to preserve extends to evidence that a party "knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Id*.

The party alleging spoliation bears the burden of proof, which includes establishing the respondents' duty to preserve. *Dixon, supra*. For purposes of the instant motion, it is uncontroverted that defendants did not receive a timely grievance submitted by plaintiff, and thus, pursuant to defendants' video retention policy, they did not take affirmative steps to preserve the footage. Under similar circumstances, courts have found no duty to preserve the evidence. *See Dixon, supra* (and cases cited therein). Moreover, no inference of bad faith is warranted when evidence is destroyed pursuant to a routine policy. *Russell v. Univ. of Texas of Permian Basin*, 234 Fed. Appx. 195, 208 (5th Cir.2007) (citations omitted).

In sum, plaintiff has not demonstrated that defendants failed to take reasonable steps to preserve the footage, or that they acted with the intent to deprive plaintiff of its use. Accordingly, sanctions are not warranted.

**b)** **Personnel Files**

Plaintiff seeks defendants' personnel files in order to discern whether any defendant had a history of using excessive force at this, or other facilities. Defendants respond that they should not have to produce the files because they contain confidential and sensitive information such as

5

emergency contacts, addresses, pay rates, insurance benefits, tax withholding information, social security numbers, etc. *See* Yelverton Affidavit. Rather, defendants suggest that plaintiff propound written interrogatories to obtain this information, or ask the court review the files, in camera, to determine which portions, if any, should be produced.

The court finds that other instances of excessive force or failure to provide adequate medical care by any served defendant are potentially relevant to plaintiff's case. Thus, within the next 14 days from the date of this order, defendants shall produce to plaintiff, and file in the record under seal, any prior instances of excessive force or failure to provide adequate medical care that is documented in a served defendant's personnel file. Defendants need not produce the complete personnel files, and shall redact any sensitive or confidential information appearing on the documents/pages actually produced. *See* Fed.R.Civ.P. 26(c)(1)(D) (forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters).

c) **Other Inmate Grievances**

Plaintiff seeks other inmates' A.R.P.s, grievances, and/or warden's unusual occurrence reports involving claims of excessive force or inadequate medical care for a period spanning the last 14 months. Defendants maintain that the requested documents exceed the scope of discovery under Rule 26(b)(1).[3] Furthermore, although JPCC maintains a grievance log, the log does not capture the nature of the grievance. (Yelverton Affidavit). After a grievance is reviewed, it is placed in the file of the inmate who submitted it. *Id*. Thus, to comply with plaintiff's request, defendants would have to review the file of every inmate who filed a grievance within the past 14 months. *Id*. Defendants conclude that this process would prove incredibly time-consuming and

---

[3] In other words, given the nature of the case, the burden of production outweighs the importance of the requested discovery.

nigh impossible. *Id*.

      The court finds that the requested discovery is relevant and proportional to plaintiff's case. Plaintiff is seeking $600,000 in damages for the injuries that he suffered as a result of defendants' action/inaction. Moreover, the court will limit the discovery request to A.R.P.s, grievances, and warden's unusual warden's reports involving claims of excessive force or inadequate medical care *only with respect to any defendant served in this suit*.[4] The court further observes that the need to review an unknown number of inmate files in search of similar grievances is a circumstance largely attributable to defendants' own log procedures. The court is familiar with grievance logs from other institutions that, at minimum, document the nature of the grievance filed. For future cases, there is every reason to expect that defendants can greatly reduce or eliminate their present burden simply by adding columns to their logs to specify the type(s) of grievance filed, and the names of any officers identified in the grievance.

      For now, however, and in the absence of any indication as to how many grievances were filed within the past 14 months,[5] the court will require defendants to provide plaintiff with responsive documents within the next 30 days from the date of this order, and file copies in the record under seal.

## Conclusion

For the above-assigned reasons,

IT IS ORDERED that the motion to compel discovery responses, styled as a "Response to

---

[4] Albeit, this limitation will not reduce the number of inmate files that defendants need to review for responsive documents.

[5] Warden Yelverton's bald statement that reviewing the files would prove incredibly time-consuming and nearly impossible is akin to a conclusory, and insufficient, assertion that production would be unduly burdensome. *See McLeod, supra*.

7

Objections" [doc. # 29] filed by plaintiff pro se Brendan Matthew Terral is GRANTED IN PART, solely to the extent specified in the body of the decision.

IT IS FURTHER ORDERED that the motion [doc. # 29] otherwise is DENIED.

IT IS FURTHER ORDERED that the discovery completion deadline is extended until October 19, 2016.

In Chambers, at Monroe, Louisiana, this 19th day of September 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE