UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **BRENDAN MATTHEW TERRAL** | * | **CIVIL ACTION NO. 15-2366**<br>Section P |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WARDEN DUCOTE, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 36] filed by defendants, Lt. Parks, Sgt. Womack, Officer Byrd, Officer Qualls, Nurse Christy Bennett, Officer Diffey, Officer Curry, and Warden Ducote, seeking dismissal of plaintiff's claims against the Jackson Parish Correctional Center. For reasons set forth below, it is recommended that the motion be GRANTED, and that plaintiff's claims against the Jackson Parish Correctional Center plus Jackson Parish and the Jackson Parish Sheriff's Department be DISMISSED with prejudice.

## Background

Plaintiff pro se Matthew Terral, who is proceeding in forma pauperis in this matter, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on September 14, 2015. Plaintiff is incarcerated at the Jackson Parish Correctional Center (the "JPCC") and complains that on April 26, 2015, he was the victim of excessive force perpetrated by corrections officers at the facility. In addition, he alleges that, after the event, officials exhibited deliberate indifference to his serious medical needs. Accordingly, Terral sued Warden Timothy Ducote, and numerous corrections officers, praying for $600,000 and the "removal of all employees involved." In his original complaint, he also named as defendants, the JPCC, Jackson Parish, and the Jackson

Parish Sheriff's Department (the "JPSD"). However, he deleted these entities from his amended complaint [doc. # 8], and the court ordered service only as to the individual defendants. [doc. # 9]. On June 23, 2016, plaintiff amended his complaint, and re-joined the JPCC as a defendant. [doc. # 27]. While plaintiff did not re-join Jackson Parish or the JPSD, the Clerk of Court never terminated them from the docket sheet.

On July 14, 2016, defendants filed the instant motion to dismiss the JPCC on the basis that it is not a juridical entity capable of being sued. Plaintiff did not file a response, and the time to do so has lapsed. [doc. # 44]. Accordingly, the motion is deemed unopposed. (Notice of Motion Setting [doc. # 39]). The matter is now ripe.

## Analysis

**I.      Standard of Review**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed.R.Civ.P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable

expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark, supra*.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

**II.    Discussion**

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994). Moreover, in order to plead a § 1983 cause of action, a plaintiff "must establish that the defendant was either personally involved in the deprivation or

that his wrongful actions were causally connected to the deprivation." *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008).  Thus, a successful § 1983 claim "must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

This court previously declined to order service upon defendants, the JPCC, the JPSD, and Jackson Parish, in no small part because plaintiff deleted them from his amended complaint.  Furthermore, a court's decision to withhold service for a defendant(s) after screening the case under 28 U.S.C. § 1915A, is an implicit determination that plaintiff has no cognizable claims against that defendant(s).  *Sama v. Hannigan*, 669 F.3d 585, 589 (5th Cir. 2012).

Under Federal Rule of Civil Procedure 17(b), "capacity to sue or be sued shall be determined by the law of the state in which the district court is held," i.e., Louisiana.  To enjoy the capacity to be sued under Louisiana law, an entity must qualify as a "juridical person." *Dejoie v. Medley*, 945 So.2d 968, 972 (La. App. 2d Cir.2006) (citations omitted).  This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code Art. 24.

In this case, however, there is no evidence that the JPCC or the JPSD are so structured.  Rather, by all indications, the JPCC is a parish corrections facility operated by the Jackson Parish Sheriff.  In Louisiana, the sheriff is charged with operating the parish jail and ensuring that the inmates receive proper care.  *Oladipupo v. Austin*, 104 F. Supp.2d 626, 641 (W.D. La. 2000) (citing La. R.S. § 15:704); *Langley v. City of Monroe*, 582 So.2d 367, 368 (La. App. 2d Cir. 1991) (citations omitted).  Similarly, the courts hold uniformly that sheriff's *offices* or sheriff's *departments* (as opposed to the sheriff him or herself) are not juridical entities capable of being

sued. *Sipes v. City of Monroe*, Civ. Action No. 11-1668, 2013 WL 1282457, at *3 (W.D. La. Mar. 28, 2013) (collecting cases).

Accordingly, the JPCC and the JPSD cannot be sued and must be dismissed, with prejudice. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311 (5th Cir. 1991) (affirming district court's dismissal of a defendant, with prejudice, because it could not be sued as an independent entity).

In addition, the court observes that plaintiff's complaint, as amended, does not state a claim against Jackson Parish. Parishes cannot be vicariously liable under state law or pursuant to *Monell* for the actions of the sheriff and his or her deputies. *See Quatrevingt v. Thibodeaux*, Civ. Action No. 10-4047, 2011 WL 2182104, at *2 (E.D. La. May 2, 2011), R&R adopted, 2011 WL 2182069 (E.D. La. June 2, 2011); *Kraft v. Lee*, Civ. Action No. 2006 WL 3395592, at *2 3 (E.D. La. Nov. 22, 2006); and *Broussard v. Boudoin*, Civ. Action No. 03-3040, 2004 WL 223984, at *1 (E.D. La. Jan. 29, 2004); *see also Jordan v. Prator*, Civ. Action No. 11-0723, 2013 WL 4094336, at *4 (W.D. La. Aug. 13, 2013) (sheriff is an autonomous local government official separate and apart from the parish he serves; therefore suit against sheriff is a suit against a political subdivision: the sheriff).

In sum, as instructed by *Iqbal*, the court accords no weight to plaintiff's conclusory allegations in his complaint. *See Iqbal, supra*. Plaintiff's remaining allegations contain no facts sufficient to confer plausibility upon his claim for local governing body liability under § 1983. *Id.*; *see also City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010). As such, there is no reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.

**Conclusion**

For the above-assigned reasons,

IT IS RECOMMENDED that defendants' motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 36] be GRANTED, and that plaintiff's claims against defendants, the Jackson Parish Correctional Center, the Jackson Parish Sheriff's Department, and Jackson Parish, be DISMISSED, with prejudice. Fed. R. Civ. P. 12(b)(6).[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[1] To the extent that the undersigned has expanded upon the grounds for dismissal urged by movants, the instant report and recommendation provides adequate notice to the parties. *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties). In any event, the court possesses the inherent authority to dismiss a party sua sponte. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 1995 WL 534901 (5th Cir. 1995) (unpubl.) (the district court sua sponte dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer).

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 4th day of October 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE