# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **BRENDAN MATTHEW TERRAL** | * | **CIVIL ACTION NO.  15-2366 Section P** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WARDEN DUCOTE, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

On February 9, 2016, the court ordered the parties to file *either* a motion for summary judgment *or* a statement of issues within one hundred and twenty days after defendants' first appearance.  (Feb. 9, 2016, Mem. Order [doc. # 9]).  The court ultimately extended the foregoing deadline until November 25, 2016.  *See* doc. #s 33-34, 53, & 56.

On July 19, 2016, plaintiff filed a statement of issues that addressed certain post-suit retaliatory acts perpetrated by defendants, as well as defendants' refusal to release camera footage and personnel files.  [doc. # 40].[1]  On November 30, 2016, defendants filed a motion for summary judgment seeking dismissal of plaintiff's claims.  [doc. # 68].  Plaintiff did not file a response to the motion for summary judgment and the time to do so has lapsed.  *See* Notice of Motion Setting [doc. # 69].  Thus, the motion is considered unopposed.  *Id.*

On February 9, 2017, the court directed plaintiff to file an updated statement of issues, or alternatively, a response to defendants' motion for summary judgment with the next 14 days. (Feb. 9, 2017, Order [doc. # 71]).  When plaintiff failed to comply, the court issued an order

---

[1]  The discovery-related issues formed the basis for a separate motion to compel.  [doc. # 38].

requiring plaintiff to show cause, in writing, on or before March 21, 2017, why his complaint should not be dismissed for failure to comply with an order(s) of the court.  (March 6, 2017, Order [doc. # 72]).  The court cautioned plaintiff that his continued failure to respond to court orders would serve as tacit acknowledgment that he no longer wished to pursue his case.  *Id.*

The latest deadline has since passed, without any response from plaintiff.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed.R.Civ.P. 41(b) (in pertinent part).  The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant.  *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

To the extent that the applicable statute of limitations eventually may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted).  Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."  *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks

omitted).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id.*

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As discussed above, plaintiff has ignored more than one court order.  Also, because plaintiff is proceeding *in forma pauperis* in this matter, it is unlikely that he enjoys sufficient means to fund an alternative monetary sanction.[2]  Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that he no longer wishes to pursue his cause of action.[3]  Finally, plaintiff's unrepentant flaunting of court orders[4] reflects his own contumaciousness or "stubborn resistance to authority"[5] which is personally attributable to him as a litigant unrepresented by counsel.[6]

For the foregoing reasons,

IT IS RECOMMENDED that the instant civil rights suit be DISMISSED, with prejudice. Fed.R.Civ.P. 41(b).

---

[2]  *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[3]  Certainly, if plaintiff disputes this inference, he may so demonstrate in his objection to the instant report and recommendation.

[4]  This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[5]  *See Millan, supra.*

[6]  While the court is aware that plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 29th day of March 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE